United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J.W.,<br><br>　　　　Defendant.<br>_____/ | No. C-10-05821 DMR<br><br>**ORDER DENYING MOTION TO QUASH; GRANTING A LIMITED PROTECTIVE ORDER; AND DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION WITHOUT PREJUDICE** |

　　Currently before the Court is Defendant J.W.'s Motion to Quash and/or Vacate Subpoena, Motion for Protective Order, and Motion to Dismiss for Lack of Jurisdiction. *See* Docket Nos. 4-6. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing scheduled for January 27, 2011. Having considered the parties' briefs and accompanying submissions, the Court orders as follows.

**I. Background**

　　Plaintiff Io Group, Inc. filed this copyright infringement case on September 28, 2010, alleging that 435 individual "Doe" defendants illegally copied and shared Plaintiff's copyright protected materials on a peer-to-peer network. On October 15, 2010, this Court granted Plaintiff Io Group, Inc.'s administrative request for leave to take early discovery, and granted Plaintiff leave to serve a subpoena upon Comcast Internet seeking the names and addresses of subscribers assigned specific IP addresses identified in the subpoena. The Court required that Comcast Internet notify the

subscribers of the subpoena to give them the opportunity to object prior to the disclosure of the information sought. According to Plaintiff, the subpoena to Comcast Internet was issued from the District of New Jersey. Docket No. 17 at 1.

The Court subsequently received Defendant J.W.'s ("Defendant" or "J.W.") Motion for Protective Order, Motion to Quash and/or Vacate Subpoena, and Motion to Dismiss for Lack of Personal Jurisdiction. *See* Docket Nos. 4, 5, and 6. As the case involved a large number of defendants, and both Plaintiff and Defendant J.W. filed signed consents to the jurisdiction of the Magistrate Judge, the Court concluded that severance of Plaintiff's claims against Defendant J.W. would facilitate the orderly and efficient management of this matter and therefore ordered that the claims against Defendant J.W. be severed under Federal Rule of Civil Procedure 21. *See* Docket No. 1.

## II. Discussion

### A. Motion to Quash

Defendant J.W. asks the Court to quash the subpoena as to the release of J.W.'s information, seeking protection of Defendant's "information" and "identity." Defendant argues that if his/her[1] identity is disclosed, Plaintiff will amend its complaint to name J.W., who would therefore be subject to the personal jurisdiction of this Court.[2] However, a motion to quash must be filed in the court where the subpoena issued. *See* Fed. R. Civ. Proc. 45(c)(3)(A) ("On timely motion, the issuing court must quash or modify a subpoena that..."); *see also In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("only the issuing court has the power to act on its subpoenas."). The subpoena which is the subject of this motion issued from the District of New Jersey.

Plaintiff recognizes that there is a split of authority as to whether the court which issued a subpoena can transfer a motion to quash to the court with underlying jurisdiction over the case. *See*

---

[1] As J.W. has temporarily been given leave to proceed anonymously in this matter, the Court will use gender neutral pronouns to describe J.W. throughout this Order.

[2] In the Motion to Quash, Defendant J.W. states that s/he would therefore be subjected to the personal jurisdiction of the "District Court for the District of Columbia." *See* Docket No. 5 at 2. Given that Defendant has made all filings associated with this matter in the Northern District of California, the district in which Plaintiff brought its action, the Court assumes that this is a typographical error.

*e.g., United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 485 n.4 (D. Md. 2002) (noting that courts in the Second, Eighth, and Tenth Circuits have supported such transfers, while courts in the Third, Seventh, and D.C. Circuits have found transfer of discovery disputes inappropriate). However, Defendant has not asked the issuing court to transfer his/her motion to quash to this Court, but instead has filed the motion with this Court in the first instance.

Defendant J.W. has offered no authority to support his/her attempt to have this Court rule on the motion to quash. However, at least two courts in this district have cured a similar procedural defect by treating a motion to quash as a motion for a protective order, which this Court can properly address pursuant to Federal Rule of Civil Procedure 26(c)(1). *See Wells v. GC Servs*., LP, 2007 U.S. Dist. LEXIS 29447 (N.D. Cal. 2007) (not for citation); *Io Group, Inc. v. Does 1-19*, 2010 WL 5071605 (N.D. Cal. 2010). Given that Defendant has filed a separate motion for a protective order, which is also currently before the Court, the Court therefore denies the motion to quash and turns to the merits of the motion for a protective order.

### B.    Motion for Protective Order

Defendant seeks a protective order that would permit J.W. to proceed as a Doe defendant, asserting that s/he seeks to "protect his identity from being disclosed to the Plaintiff and automatically subjecting himself to the jurisdiction of this court."[3] Docket No. 4 at 2. Defendant offers no authority or explanation for the argument that the release of his/her identity to Plaintiff would automatically subject J.W. to the jurisdiction of this Court.

A court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Proc. 26(c)(1). However, as noted in the Order granting Plaintiff leave to take early discovery in this matter (*Io Group, Inc. v. Does 1-435*, No. C-10-04382-SI, Docket No. 9), Plaintiff has shown that limited discovery of J.W.'s basic identifying information is necessary to permit Plaintiff to effect service of the Complaint. Moreover, other than J.W.'s unsupported assertion that the release of his/her identity would

---

[3] Although Defendant brings his/her motion pursuant to Federal Rule of Civil Procedure 37, that rule is inapposite as it deals with failure to make disclosures or cooperate in discovery. The Court will instead treat the present motion as a request for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

3

automatically subject him/her to this Court's jurisdiction, J.W. has presented no specific facts showing good cause for a protective order.

The Court recognizes that there are First Amendment concerns present when a party seeks to compel a third party to disclose the personal information of anonymous internet users. However, a person who uses the internet to download or distribute copyrighted works without permission is engaging in the exercise of speech, but only to a limited extent, and the First Amendment does not protect that person's identity from disclosure. *See Sony Music Entertainment, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 558 (S.D. N.Y. 2004) (addressing musical works); *see also UMG Recordings, Inc. v. Does*, 2006 U.S. Dist. LEXIS 32821, *8-9 (N.D. Cal. 2006) (granting plaintiff leave to take early discovery and noting that Doe defendants have little expectation of privacy because they opened their computers to others through peer-to-peer file sharing).

Therefore, to the extent that J.W. seeks to prevent Comcast Internet from disclosing his/her identifying information to Plaintiff, the motion is denied. However, the Court will grant a protective order to the limited extent that any information regarding J.W. released to Plaintiff by Comcast Internet shall be treated as confidential for a limited duration. Specifically, Plaintiff shall not publicly disclose that information until J.W. has had the opportunity to file a motion setting forth J.W.'s legal and factual arguments to support his/her request to be permitted to proceed in this litigation anonymously, and that motion is ruled on by the Court. If J.W. fails to file a motion for leave to proceed anonymously within 30 days after his/her information is disclosed to Plaintiff's counsel, this limited protective order will expire.

**C.     Motion to Dismiss**

Defendant J.W. also moves to dismiss the case for lack of personal jurisdiction. J.W. asserts that s/he is a resident of Gowen, Michigan, that s/he is not engaged in any business in California, and that s/he generally lacks any contact with California. Docket No. 7 at 2. J.W. also denies any knowledge of the alleged infringement. Docket No. 7 at 3-4.

Plaintiff responds that the motion to dismiss for lack of personal jurisdiction is premature, as Plaintiff may never seek to name J.W. as an actual defendant because J.W. may not be the individual who allegedly engaged in the infringing acts. Docket No. 17 at 6. Plaintiff argues that its Complaint

4

does not allege that the subscriber assigned the particular IP address at issue- the address belonging to J.W.- is the same person as the infringing individual identified as one of the Does in the original Complaint. *Id*. Instead, Plaintiff claims that a Doe defendant used the internet account that belongs to J.W. to engage in the infringing activity. Given that J.W. has denied knowledge of the infringing activity, plaintiff argues, J.W. has denied being the defendant Plaintiff seeks to pursue. *Id*. Plaintiff argues that after it discovers J.W.'s identity as the owner of the account allegedly used to infringe Plaintiff's copyright, Plaintiff may further investigate to determine whether another person used J.W.'s internet account, and then may elect to name either J.W. or someone else as the defendant. *Id*. at 6-7.

The Court agrees that this motion is premature, and denies the motion to dismiss for lack of jurisdiction without prejudice.[4] If Plaintiff amends the Complaint to name J.W. as a defendant, J.W. may seek dismissal of the action at that time.

### III. Conclusion

For the foregoing reasons, the Court denies Defendant J.W.'s motion to quash. The Court grants J.W.'s motion for a protective order in limited part, preventing Plaintiff from publicly disclosing the information from the Comcast Internet subpoena regarding J.W. until J.W. files a motion to proceed anonymously in this litigation and the motion is ruled on by the Court. Defendant J.W.'s motion to dismiss for lack of jurisdiction is denied without prejudice.

IT IS SO ORDERED.

Dated: January 20, 2011

DONNA M. RYU
United States Magistrate Judge

---

[4] Defendant J.W. also argues that this case should be dismissed on the grounds that each of the Doe defendants has been misjoined. The Court's prior severance of Plaintiff's claims against J.W. renders this argument moot.